RUTLAND COUNTY,

January Term, 1838.

Present, Hon. CHARLES K. WILLIAMS, *Chief Justice.*
   " STEPHEN ROYCE,
   " JACOB COLLAMER, *Assistant Justices.*
   " ISAAC F. REDFIELD.

State *v.* Charles Sumner.

A person, who, by false and fraudulent representations of his estate and circumstances, obtains the goods, &c. of another, is not indictable under the 30th section of the statute for the punishment of high crimes and misdemeanors.

This was an information, filed by the state's attorney, at the present term of this court, charging that the respondent, contriving and intending fraudulently and by swindling and deceitful practices to swindle and defraud one Charles S. N. Anthony, an honest and worthy citizen of this State, of his goods and chattels, on the fifth day of January, in the year of our Lord one thousand eight hundred and thirty eight, with force and arms, at Sherburne, in the county of Rutland, aforesaid, did falsely, fraudulently, knowingly and wickedly pretend to the said Charles S. N. Anthony, that he, the said Charles Sumner, then was a person of large fortune, that he then owned, and was in possession of, a large and valuable farm in the town of Fairhaven in said county, that he then

owned a large quantity of corn, which he had raised on said farm, and that he wished to purchase a large number of cows for the purpose of stocking said farm, and carrying on a dairy. Whereas, in truth and in fact, the said Charles Sumner was not then a person of large fortune, nor was he the owner of any farm in Fairhaven or elsewhere, nor had he raised any corn in Fairhaven or elsewhere, nor was wishing to purchase cows to stock any farm for the purpose of carrying on a dairy, as he did then falsely and fraudulently pretend to the said Charles S. N. Anthony. And the said Charles Sumner, by the said false pretences aforesaid, did then and there unlawfully, knowingly, and designedly obtain from the said Charles S. N. Anthony divers goods and chattels, that is to say, one cow of great price and value, to wit, of the price and value of $25, with intent then and there to swindle and defraud the said Charles S. N. Anthony of the same, contrary to the form, force and effect of the statute, in such case made and provided, and against the peace and dignity of the State.

The respondent, after having pleaded guilty, moved in arrest of judgment for the insufficiency of the information.

*E. L. Ormsbee* and *M. Strong, jr.* for respondent.

I. The expressions in the statute, (Ch. 31, sec. 30, p. 259,) "other fraudulent, swindling or deceitful practices," are to be held to mean nothing.—They are too loose. 1 Bl. Com. 88. sec. 3.

II. No person can be adjudged to be within the purview or penalty of a penal statute, unless he is within the letter of it. 1 Bl. Com. 88. 4 Do. 193. 4 Bac. Ab. " statute." 649, 651.

III. The allegations in the information do not bring the case within the statute. Stat. p. 259.

IV. But if mere false *pretences* come within the the purview of the statute, they must be such, that common prudence could not have guarded against the fraud intended. Roscoe's Crim. Ev. 362,-3. 3 T. R. 98.

*S. Foot*, State's Attorney, for the prosecution.

This case comes within the 30th section of the act relating to high crimes and misdemeanors.

This statute is founded on the statutes of 33 Hen. 8, and the 30 Geo. 2. And the terms, *fraudulent* and *deceitful practices*, in our statute, are used as synonymous with the terms, *false pretences*, in the English statutes.

At common law, a mere false affirmation or bare lie is not indictable. Hence the above statutory enactments. The obtaining of money or goods by any false pretence, or deceitful practice, with *intent to defraud*, is within these statutes. The intent is a question of fact for the finding of a jury, and where the intent to defraud is found, the offence is brought within the statute, by whatever false pretences or fraudulent practice the fraud was effected. In this case, the intent to defraud is admitted by the plea of guilty. 2 Russell, 298-9, 300-6. Roscoe's Cr. Ev. 360-2-4. 3 Chitty's Cr. Law, 997-8, and form of Indict. 1006. 2 Russell on Crimes, 298, 299, 300, 306.

RUTLAND,
January,
1838.

State
v.
Sumner

The opinion of the Court was delivered by

ROYCE, J.—The information charges, in substance, that the respondent, by certain false and fraudulent declarations respecting his estate and circumstances, obtained the property of one Anthony, with intent to defraud him of the same ; and the question is, whether such declarations, made with such intent, and operating successfully, constitute the offence for which our statute provided.

It was never solemnly decided that the assertion of a bare falsehood,though occasioning injury to another,and made with that view, furnished the ground even of a civil action, until the case of *Paisley* v. *Freeman*, 3 T. R. 51. The early English statutes limited the criminal offence to the use of false tokens, but that of 30 G. 2. extended it to false pretences ; and under this act mere false and fraudulent declarations were held to be sufficient.

By the 30th section of our statute for the punishment of high crimes and misdemeanors, the offence in question is described in the following terms :—"That if any person shall " by false tokens, messages, letters, or by other fraudulent, " swindling or deceitful practices, obtain or procure, from " any person or persons, any money, goods or chattels ;" &c. As the offence charged upon the respondent is evidently not within the former or specific part of this description,the question arises upon the terms "*other fraudulent, swindling or deceitful practices.*" From the impossibility of anticipating every device which art and wickedness might resort to, the statute has properly added these general words. And

CASES IN THE SUPREME COURT

for this reason they are not to be rejected, though part of a highly penal statute. It is the duty of the court to construe them. In doing this, it must be remembered that penal statutes should be construed strictly. They are never to be carried beyond the letter, for the purpose of effectuating the supposed intent; nor beyond the obvious spirit and intention, though the words may admit of a more extended construction. Now we find these expressions employed in immediate connection with certain acts, which are described and made punishable by the statute; and such acts constitute fraudulent, swindling and deceitful practices, within the statute. Hence we consider that the words in question were added, not for the purpose of enlarging the definition of the offence, from positive acts to mere declarations, but from the difficulty of extending the description to all other acts or practices of a like nature, which might be resorted to as means for effecting the same criminal object. Besides, a well known distinction, between swindling practices and swindling pretences, or declarations, had been made and long settled under the English statutes; and had the legislature designed to abrogate that distinction, they would doubtless have spoken in terms more clearly adapted to such purpose.

Judgment arrested.